| | | |
|---|---|---|
| THE COMPOUNDING PHARMACY OF AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:25-CV-589-TAV-JEM |
| ALEXANDRA ERKKILA, MODERN METABOLISM, G.P., WAYNE HATFIELD, M.D., JACKSON JONES, LISA DOPLE, BBD WEIGHT LOSS TELEHEALTH LLC d/b/a BODIES BY DESIGN, NEXT GENERATION COMPOUNDING PHARMACY LLC, and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) | JUDGE THOMAS A. VARLAN MAG. JUDGE JILL MCCOOK |
| Defendants. | ) ) | |

## AGREED PROTECTIVE ORDER

As evidenced by the signatures of counsel below, the Parties are in agreement, and the Court finds, that good cause has been shown for entry of a protective order in this case. Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED that:

1. Any documents (as defined below) or testimony produced in the course of discovery relating to any issue in this Action, which any party designates at the time produced as confidential, shall be deemed "Confidential Information" and shall be used solely for the purpose of litigating this Action and any appeals therefrom, and shall not be disclosed or used for any business, commercial, competitive, or other purpose.

2. For purposes of this Order, the term "document" means all written, recorded, or graphic material, including electronically stored information, whether produced or created by a party or another person, whether produced pursuant to Rule 26, 30 and/or Rule 45 subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admission, deposition

transcripts and exhibits, pleadings, motions, affidavits, memoranda and briefs that quote, summarize, or contain materials entitled to protection may be designated as Confidential Information but, to the extent feasible, shall be prepared in such a manner that Confidential Information is bound or stored separately from that not entitled to protection.

3. This Order also governs all Confidential Information produced during discovery by nonparties, when such nonparty or a party requests the protections provided by this Order. References to a "party" in this Order include nonparties that invoke the protections of this Order.

4. Confidential Information shall be designated by stamping or otherwise placing the legend "CONFIDENTIAL" on the material in a manner that will not interfere with its legibility. Multi-paged Confidential materials that are bound together need only have the legend "CONFIDENTIAL" stamped or otherwise placed on the first page. If the Confidential materials cannot have the legend "CONFIDENTIAL" stamped or otherwise placed thereon, it shall be designated "Confidential" in a manner upon which to be agreed.

5. At the option of the producing party, Confidential Information may be further designated as "ATTORNEYS EYES ONLY" if it includes non-public testimony, information, documents, data and other things that constitute confidential business or technical information that is highly sensitive as it contains competitive business information the disclosure of which may harm the producing party. Such a designation shall be made in the same manner as "Confidential Information" except the phrase "ATTORNEYS EYES ONLY" shall be added. Confidential Information that has been further designated "ATTORNEYS EYES ONLY" shall be subject to all the provisions of this Order regarding "Confidential Information," as well as the restricted access set out in paragraph 8.

6.    No persons other than those within the categories listed below are permitted to have access to Confidential Information without the written consent of the producing party, through its, his or her respective legal counsel.  Confidential Information shall be used by the receiving parties solely in connection with this Action.  The receiving parties shall not produce, disclose, show, make available, discuss, or otherwise communicate Confidential Information in any way to any person except as follows:

a.    Counsel for the parties and their support personnel whose functions require access to such material;

b.    Parties who are natural persons;

c.    Entity representatives for any entity party;

d.    Mediators or other neutrals engaged by the parties to assist in resolving the dispute;

e.    Outside vendors who perform imaging, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services;

f.    The Court, Court personnel, Court reporters and other persons engaged in preparing transcripts of testimony or this action; and

g.    Independent, outside experts retained for hearings or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action, who are not competitors of the designating party (or employed by competitors).

7.    No information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" may be disclosed to persons identified in subparagraph 6(g) until they have reviewed this Order and either executed an agreement in the form of **Exhibit 1**, attached hereto, or agreed on the record at a deposition, to be bound by its terms.

8.     Confidential information designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" may be disclosed to all persons identified in paragraphs 6(a), and 6(d) – (f) above. Information designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" may not be disclosed to persons identified in paragraph 6(b) and (c) with the following exception:  In the event a deposition is noticed pursuant to Rule 30(b)(6) or of a natural person party or third party, and testimony or  preparation of the deponent(s) requires disclosure of information designated as "CONFIDENTIAL – ATTORNEY EYES ONLY," counsel for the receiving party shall be entitled to share such information with the deponent(s) only, but only to the extent that such counsel believes, in good faith, that such information is necessary to prepare the deponents to testify or to obtain an explanation or description of such information from the deponent(s).  During any such testimony, any persons not identified in in paragraphs 6(a), and 6(d) – (f) above shall be asked to leave the room where such testimony is taking place and shall be permitted to reenter when questioning pertaining to information designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is concluded.

10.     Deposition testimony may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to this Order by an appropriate indication on the record at the deposition, or by written notice of the specific pages and lines of testimony within twenty-one (21) days after receipt of the transcript of the deposition.

11.     Nothing in this Order shall be deemed to prohibit disclosure of any document designated "Confidential" to such persons as appear on the face of the document to be its author or a recipient, provided that any portion of the document that such persons may not have seen is redacted.

4

12. Nothing in this Order shall constitute a waiver of a party's right to object to the production of Confidential Information on grounds other than confidentiality or to demand more stringent restrictions upon the treatment and disclosure of any Confidential Information on the ground that it contains particularly sensitive information.

13. Nothing in this Order shall limit or affect the right of a party to disclose or to authorize disclosure of Confidential Information produced by that party. Any party may apply to the Court for modification of this Order at any time.

14. If a party, through inadvertence, produces any information without labeling or marking or otherwise designating it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" in accordance with the provisions of this Order, the designating party may give written notice to the receiving party that the information produced is deemed Confidential and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such information as Confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, of Confidential Information to persons not authorized to receive such shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall notify the other party in writing of all such unauthorized persons to whom such disclosure was made. The receiving party shall attempt in good faith to retrieve from such unauthorized person and protect such inadvertently produced Confidential Information. Failure to designate information prior to disclosure as Confidential shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or to any other information relating thereto.

15. Nothing contained in this Order shall be construed to require production of information that is privileged or otherwise protected from discovery for other reasons. If privileged

or otherwise protected information is inadvertently produced, such production shall not be deemed a waiver, and the producing party may, by timely notice, assert the privilege or protection and request the return of the materials. Upon receipt of such notice, the receiving party shall immediately undertake to gather the original and all copies of the information and shall immediately return the original and all copies to the producing party. Return of such information to the producing party shall not preclude the receiving party from later moving to compel production of the produced information.

16. Neither the termination of this Action nor the termination of employment of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

17. This Order shall not be construed as a waiver by any party to this Action of any objection that may be raised as to the admissibility of any evidentiary material.

18. This Order shall not limit or prejudice the rights of any party to oppose disclosure of any information for lack of relevance or for any other ground.

19. To the extent authorized by law, following the final resolution of this Action and all appeals therefrom, all Confidential Information, including all copies, shall be destroyed or returned to the producing party within ninety (90) days after the receipt by the party in possession of Confidential Information of a written demand from the producing party for such return. Notice of intent to destroy produced information shall be given in writing to the producing party, and receipt of returned Confidential Information shall be acknowledged in writing by the recipient.

20. The provision of this Order restricting the communication and use of information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" produced

6

hereunder shall continue to be binding on all parties hereto and their attorneys following the final resolution of this Action and all appeals therefrom.

21. This Order shall not restrict the right of any party hereto to challenge a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" designation, or lack of designation, by motion, by statement made on the record, or by stipulation of the parties. No party concedes that any material designated by any other person as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated. Any party may, at any time move for relief from the provisions of this Order with respect to specific material which that party believes has been improperly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." The Court retains the right to allow disclosure of any subject covered by the stipulation or to modify this stipulation in the interest of justice and is not bound by any party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" designation.

22. If a party seeks to file with the Court any material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," or any pleading, motion or other paper filed with the Court containing or disclosing any such Confidential Information, the filing party shall comply with Local Rule 26.2 and the E.D. Tenn. CM/ECF Rules by filing a motion for leave to file such material under seal. The Parties shall also comply with this Court's Memorandum and Order Regarding Sealing Confidential Information entered December 4, 2025 (Doc. 6). The materials that are the subject of the motion to seal may be temporarily filed under seal pending the Court's ruling in accordance with Local Rule 26.2(b) and the CM/ECF Rules. Unless the Court orders otherwise, where only a portion of a filing is sought to be sealed,

the filing party shall file a public, redacted version. Any document filed under seal shall be served on other parties by means authorized by the Federal Rules of Civil Procedure and consistent with this Court's SO-25-13.

23.     Nothing in this Order shall affect in any way any party's rights to offer information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" into evidence during trial or at any hearing in the above-captioned matter nor shall it modify any party's rights to object to the introduction of such information or to move for appropriate protection of the information.

24.     This Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any document or other items or information, or of any right that any party may have to assert such privilege at any stage of the proceedings.  Nor shall this Order be construed as a limitation on the right of any party to discovery to which it is entitled under the applicable rules of civil procedure.  Nothing contained within this Order shall be construed as a concession by any party of the relevance or lack of relevance of any information or documents or other items.

25.     In addition to the above provisions, if at any time during this Action the parties decide to exchange certain Confidential Information pursuant to an informal information exchange for purposes of exploring a potential resolution of this Action prior to the final trial, any Confidential Information that is produced by either party to the other solely pursuant to this informal information exchange shall be treated in a manner so as to preserve the confidential nature of the materials produced and shall be prominently marked with a statement in substantially the following form:

> CONFIDENTIAL MATERIAL – FOR SETTLEMENT PURPOSES ONLY. This document contains information that is subject to a Protective Order between the parties in the action styled *The Compounding Pharmacy of America, Inc. v. Alexandra Erkkila, et al.*, In the U.S. District Court for the Eastern District of

Tennessee, No.3:25-cv-589, and should not be disclosed to anyone other than the parties and their counsel.

or such other language as agreed by the parties. Further, Confidential Information exchanged solely pursuant to such potential informal information exchange shall be deemed for settlement purposes only and nothing designated "CONFIDENTIAL MATERIAL – FOR SETTLEMENT PURPOSES ONLY" pursuant to this paragraph shall constitute, nor be construed as, an admission of liability or wrongdoing or an admission of any issue of law or fact, nor shall it be used for any other purpose or offered into evidence for any purpose. Finally, all Confidential Information designated and exchanged pursuant to this paragraph must be returned, including all copies thereof, immediately upon the request of the producing party in the event there is no settlement of this Action.

26. Disclosure of Confidential Information to third parties by any party or person, other than the Designating Entity, shall not waive the protected nature of such information or the obligations hereunder.

27. Nothing in this Order shall prevent any party from seeking modification of this Order to seek additional or different protection under the Federal Rules of Civil Procedure, including that certain information not to be disclosed under any circumstances, or from objecting to discovery that it believes to be otherwise improper.

28. This Order shall inure to the benefit and be binding upon any future party or counsel to this litigation as well as upon any non-party who produces documents in this litigation.

29. Any subpoenaed non-party who designated and provides Confidential Information in this action may petition the Court for enforcement of this Order.

30. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of Confidential Information.

31. Sanctions for Violation: The Court may assess appropriate sanctions against persons violating the provisions of this Order. This provision for sanctions is in addition to and not in lieu of the right that any party injured by a violation of this Protective Order may have to pursue claims for damages and such other relief that may be deemed appropriate under law or in equity, including but not limited to injunctive relief.

32. After the conclusion of this litigation, the provisions of this Order shall continue to be binding and to the extent authorized by law, this Court shall retain jurisdiction over the parties and any other person who has access to Confidential Information produced pursuant to this Order for the purpose of enforcement of this Order.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

APPROVED FOR ENTRY:

*/s/ David L. Johnson*
Counsel for Plaintiff

*/s/ Ben M. Rose*        *(by David L. Johnson w/ permission)*
Counsel for Defendants Erkkila, Modern Metabolism, Hatfield, Jackson, and Dople

<u>**EXHIBIT 1 TO PROTECTIVE ORDER**</u>

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

| | | |
|---|---|---|
| THE COMPOUNDING PHARMACY OF AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:25-CV-589-TAV-JEM |
| ALEXANDRA ERKKILA, MODERN METABOLISM, G.P., WAYNE HATFIELD, M.D., JACKSON JONES, LISA DOPLE, and JOHN DOES 1-10, | ) ) ) ) ) | JUDGE THOMAS A. VARLAN MAG. JUDGE JILL MCCOOK |
| Defendants. | ) | |

**CONFIDENTIALITY ACKNOWLEDGEMENT**

1.      I have been provided with and read the Protective Order entered by the Court governing the restricted use of CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS EYES ONLY materials in this legal action.  Having reviewed the Protective Order and having understood it, I expressly agree to be bound by the terms of the Protective Order.

2.      I agree that I will not utilize any documents marked with the legend CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY, the information contained in those documents, or any information I learn about those documents by attendance at hearings or depositions, review of transcripts or discussion with others, for any purpose other than this litigation and as permitted under the Protective Order.  I further affirm that I will not reveal the CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS EYES ONLY materials to, nor discuss those materials with, anyone except in accordance with the express terms of the Protective Order.

11

3.	I agree that at the termination of this litigation I will promptly return to the attorney providing confidential materials to me all documents marked with the legend CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS EYES ONLY.

4.	I submit to the jurisdiction of the Court as necessary to enforce the provisions of the Protective Order and acknowledge that I am subject to punishment, including a possible contempt citation by the Court, for breach of this Acknowledgement or the Protective Order.

SIGNED: _____

NAME (Print):_____

Dated: _____

99407847.v1

Case 3:25-cv-00589-TAV-JEM    Document 24    Filed 03/19/26    Page 13 of 13
PageID #: 501